UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: PATRICIA PIERRE,
_____

    Caluda Law Firm,

        Appellant,       Case No. 09-11317

v.       (Attorney Lien Appeal)

    Patricia Pierre,       Honorable Denise Page Hood

        Appellee.
_____/

## ORDER GRANTING MOTION TO DISMISS AND DISMISSING LIEN APPEAL

**I.   BACKGROUND**

This matter is before the Court on an attorney lien appeal filed by the Caluda Law Firm before the Settlement Facility-Dow Corning Trust ("SF-DCT"). Claimant Patricia Pierre filed a response to the lien appeal, requesting dismissal of all asserted liens on her award.

The Court has subject matter jurisdiction over the post-confirmation lien appeal pursuant to 28 U.S.C. § 1334(b) because the Lien Judge's decision could conceivably have an effect on the estate being administered in bankruptcy. *See In re Wolverine Radio Co.,* 930 F.2d 1132, 1141 (6th Cir. 1991); *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002). The Court retains jurisdiction to interpret and enforce confirmed plans of reorganization. *See In re Thickstun Bros. Equip. Co., Inc.,* 344 B.R. 515, 522 (6th Cir. B.A.P. 2006); *In re Beta Int'l, Inc.,* 210 B.R. 279, 284 (E.D. Mich. 1996). The Amended Joint Plan of Reorganization ("Plan") provides that the Court has the authority to resolve controversies and disputes regarding the interpretation of the

Plan and Plan Documents, which includes the Settlement Facility and Fund Distribution Agreement ("SFA")  *See* Amended Joint Plan, § 8.7.3; SFA, §§ 4.01 and 10.09.  The Court reviews *de novo* the Lien Judge's findings of fact and conclusions of law.  28 U.S.C. § 157(c)(1).

The June 30, 2005 Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens Against Settling Implant Claimants ("Lien Review Procedures") provide that a "party may appeal the decision of the Lien Judge by filing a Notice of Appeal with the District Court within 14 days of the date of the notice from the SF-DCT providing the decision of the Lien Judge."  (Lien Review Procedures, § 7.01)  The Lien Review Procedures apply to disputes between claimants who have been determined to be eligible and have been paid by the SF-DCT and persons or entities who assert the right to receive a portion of the payments to the claimants from the SF-DCT.  (Lien Review Procedures, § 1.01)  Section 6.05 of the Lien Review Procedures provides that all expenses incurred sought to be recovered must be reasonable in relation to the work performed and the result obtained.  (Lien Review Procedures, § 6.05) Allowable expenses incurred by an attorney who is an Alleged Lienholder are set forth in the Claimant Information Guide for Class 5 Breast Implant Claims and the Agreed Order Adopting Q&A's Regarding Article IX of Annex A, The Claims Resolution Procedures, July 22, 2004.  (Lien Review Procedures, § 6.05)

A claimant or attorney wishing to contest the asserted lien must file a Notice of Objection form in the SF-DCT no later than 45 days from the date of the SF-DCT's letter notifying the claimant of the asserted lien.  (Lien Review Procedures, § 4.02(a))  If the claimant or attorney submits an objection, then the matter is referred to the Lien Judge for resolution.  (Lien Review Procedures, § 4.02(d))

In this case, the Caluda Law Firm did not submit a copy of the Lien Judge's written decision. Ms. Pierre, however, submitted various documents to support her request to deny the Caluda Law Firm's lien appeal, including the Lien Judge's written decision. The Lien Judge found that the Caluda Law Firm had not submitted any documentation or proof of either the expenses incurred or legal work performed on behalf of Ms. Pierre. (Doc. No. 4, p. 67) The Lien Judge noted that the documents submitted by the Caluda Law Firm related to the dissolution of a law firm which did not relate to the issues before the SF-DCT. *Id.* The Lien Judge determined that the lien asserted by the Caluda Law Firm and Robert J. Caluda is invalid and void and should be discharged. *Id.* Ms. Pierre asserts that she does not know what services were performed on her behalf by the individuals listed on the Caluda Law Firm's papers. Ms. Pierre submitted a copy of a letter indicating that the firm would take no further action regarding her claim before the SF-DCT. (November 01, 2002). She asserts Mr. Caluda walked away from the case many years before and is not entitled to any compensation in this matter.

The Court finds that the Lien Judge did not err in his conclusion that the Caluda Law Firm and Robert J. Caluda's lien is invalid and void. Although the Caluda Law Firm submits a list of fees from individuals or doctors which it claims provided services for Ms. Pierre prior to her discharge of the firm, there is no other documentation to show that these services were obtained on behalf of Ms. Pierre.

Accordingly,

IT IS ORDERED that Appellee Patricia Pierre's Motion to Dismiss (**Doc. No. 5, filed 6/20/2011**) is GRANTED.

IT IS FURTHER ORDERED that the liens asserted by the Caluda Law Firm and Robert

J. Caluda against Patricia Pierre's award are DISCHARGED and DISMISSED.

                                             */s/ Denise Page Hood*
                                             DENISE PAGE HOOD
                                             United States District Judge

DATED: March 30, 2012

## CERTIFICATE OF SERVICE/MAILING

I certify that a copy of this document was served on this date electronically or by ordinary mail to all parties in interest.

                                             */s/ Sarah Schoenherr*
                                             Deputy Clerk (313) 234-5090

Date: March 30, 2012